IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Hao To | CHAPTER 13 |
| _Debtor_ | |
| PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee | NO. 15-15772 AMC |
| _Movant_ | |
| vs. | |
| Hao To | 11 U.S.C. Sections 362 and 1301 |
| _Debtor_ | |
| Le M. Troung          _Co-Debtor_ | |
| William C. Miller Esq. | |
| _Trustee_ | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$5,209.59,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 1, 2017 to March 1, 2018 at $1,033.16/month |
| Suspense Balance: | $987.21 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,209.59** |

2.      The Debtors shall cure said arrearages in the following manner;

a).  Beginning on April 1, 2018  and continuing through December 1, 2018 , until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,037.33** the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$578.85 from April 1, 2018 through November 1, 2018 and $578.79 on December 1, 2018** towards the arrearages on or before the last day of each month at the address below;

**Fay Servicing, LLC**
3000 Kellway Dr. Ste. 150
Carrollton, TX 75006

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4.      In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7.      If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.      The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.      The undersigned seeks court approval of this stipulation.

10..    The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 6, 2018

Date: __3/8/2018__

Date: __3-9-18__

By: _/s/ Rebecca A. Solarz, Esquire_
Rebecca A. Solarz, Esquire
Attorney for Movant

David M. Offen, Esquire
Attorney for Debtors

William C. Miller    JACK MILLER    No objection
Chapter 13 Trustee

Approved by the Court this __13th__ day of __March_____, 2018.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan