United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                                      Case No. 15-15772-amc
Hao To                                                                                      Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: DonnaR              Page 1 of 1              Date Rcvd: Mar 13, 2018
                              Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 15, 2018.
db             +Hao To,   363 E Broad Street,   Malvern, PA 19355-2505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 15, 2018                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 13, 2018 at the address(es) listed below:
          BRIAN CRAIG NICHOLAS    on behalf of Creditor   PROF-2013-S3 Legal Title Trust II, by U.S. Bank
           National Association, as Legal Title Trustee bnicholas@kmllawgroup.com,  bkgroup@kmllawgroup.com
          DAVID M. OFFEN    on behalf of Debtor Hao  To dmo160west@gmail.com,  davidoffenecf@gmail.com
          HEATHER BURNS POZNIAK    on behalf of Creditor    The Borough of Malvern hbpozniak@lentzlaw.com
          REBECCA ANN SOLARZ    on behalf of Creditor    PROF-2013-S3 Legal Title Trust II, by U.S. Bank
           National Association, as Legal Title Trustee bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Hao To | Debtor | CHAPTER 13 |
| PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee | Movant | NO. 15-15772 AMC |
| vs. | | |
| Hao To | Debtor | 11 U.S.C. Sections 362 and 1301 |
| Le M. Troung | Co-Debtor | |
| William C. Miller Esq. | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.   The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$5,209.59,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | November 1, 2017 to March 1, 2018 at $1,033.16/month |
| Suspense Balance: | $987.21 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$5,209.59** |

2.   The Debtors shall cure said arrearages in the following manner;

a). Beginning on April 1, 2018 and continuing through December 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,037.33** the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$578.85 from April 1, 2018 through November 1, 2018 and $578.79 on December 1, 2018** towards the arrearages on or before the last day of each month at the address below;

Fay Servicing, LLC
3000 Kellway Dr. Ste. 150
Carrollton, TX 75006

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3.   Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10.. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 6, 2018

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 3/8/2018

David M. Offen, Esquire
Attorney for Debtors

Date: 3-9-18

William C. Miller  JACK MILLER  No objection
Chapter 13 Trustee

Approved by the Court this 13th day of March, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan